UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY BLOCKER,

        Plaintiff,                       Hon. Robert J. Jonker

v.                                         Case No. 1:20-CV-772

STATE OF MICHIGAN, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on August 17, 2020, against the State of Michigan and Governor Gretchen Whitmer. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 6), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim and for lack of subject matter jurisdiction.

## BACKGROUND

On May 19, 2020, Plaintiff initiated a separate action against the same two defendants. *Blocker v. State of Michigan*, 1:20-cv-444 (W.D. Mich.). On July 6, 2020, the Court dismissed that action on the ground that it failed to state a claim on

which relief may be granted. Plaintiff initiated the present action as a "collateral attack" on the judgment dismissing his previously filed action.

To the extent Plaintiff, in the present action, asserts a claim based on alleged harm caused by the dismissal of his prior action, Plaintiff has failed to state a claim. Plaintiff's conclusory allegations that the Court committed "fraud" in dismissing his prior action is insufficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009).

To the extent Plaintiff initiated the present action seeking to appeal the dismissal of his previous action, jurisdiction for such a claim rests in the Sixth Circuit. *See* 28 U.S.C. § 1291 (the "courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."); *see also, Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) ("it is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction").

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed be dismissed for failure to state a claim and lack of subject matter jurisdiction.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                    Respectfully submitted,

Date: August 25, 2020                       /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge